UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIERSTEN HANSEN,

                                    Plaintiff,

                -against-

NANCY A. BERRYHILL,

                                    Defendant.

**OPINION AND ORDER**

16 Civ. 7272 (ER)

Ramos, D.J.:

Kiersten Hansen ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g)

challenging the decision of the Commissioner of Social Security ("Commissioner") denying her

application for Disability Insurance Benefits ("DIB") and Supplemental Security Income

Benefits ("SSI"). Pending before the Court are the parties' cross-motions for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Doc. 12; Doc. 21,

Doc. 23. On February 15, 2018, Magistrate Judge Gabriel W. Gorenstein issued a Report and

Recommendation ("R&R"), recommending that the Commissioner's motion be granted and

Plaintiff's motion be denied. Doc. 25. For the reasons stated herein, the Court adopts the R&R

in its entirety, and the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

## I.  **Background**

Plaintiff filed for DIB on January 22, 2013, and SSI on January 29, 2013. R&R at 1. She

alleged that she had been disabled since January 1, 2008, as a result of various mental disorders.

*Id*. The Social Security Administration ("SSA") denied her applications on April 26, 2013. *Id*. at

1–2. After timely requesting a hearing, Plaintiff appeared before an Administrative Law Judge

("ALJ") on June 11, 2014. *Id*. at 2. On October 21, 2014, the ALJ confirmed the denial of

benefits, finding that Plaintiff was not disabled. *Id*. Plaintiff appealed the ALJ's decision, and on

July 27, 2016, the SSA's Appeals Council denied Plaintiff's request for review. *Id*. Plaintiff filed the instant action on September 19, 2016. Doc. 1. She moved for judgment on the pleadings on February 14, 2017, Doc 12., and the Commissioner cross-moved on August 11, 2017, Doc. 21.

On February 15, 2018, Judge Gorenstein issued his R&R, recommending that the Commissioner's motion be granted and Plaintiff's motion be denied. R&R at 1. Specifically, he rejected Plaintiff's contentions that (1) the ALJ failed to properly apply the treating source rule, (2) the ALJ failed to develop the record to resolve an inconsistency in the treating source's notes and opinions, and (3) the ALJ failed to posit a complete hypothetical to the testifying vocational expert, and that as a result, the vocational expert's testimony failed to provide substantial evidence for the ALJ's disability determination. *See id*. at 14, 19, 24, 27.

Judge Gorenstein noted that objections, if any, would be due fourteen days from service of the R&R and that failure to timely object would preclude later appellate review of any order of judgment entered. *Id*. at 27–28. Neither Plaintiff nor the Commissioner filed objections. They have therefore waived their right to object to the R&R. *See Dow Jones & Co. v. Real–Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.1992); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

## II.  <u>Standard of Review</u>

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C);

*see also DeLeon v. Strack*, 234 F.3d 84, 87 (2d Cir. 2000) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997)). The district court may adopt those parts of the report and recommendation to which no party had timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## III.  Conclusion

The Court has carefully reviewed Judge Gorenstein's thorough and well-reasoned R&R and finds no error, clear or otherwise. Accordingly, the Court adopts the R&R in its entirety. The Commissioner's motion for judgment on the pleadings is therefore GRANTED and Plaintiff's motion is DENIED. The parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa–Grund*, No. 06 Civ. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997)).

The Clerk of Court is respectfully directed to enter judgment, terminate the motions (Doc. 12, Doc. 21, Doc. 23), and close this case.

It is SO ORDERED.

Dated:     March 2, 2018
               New York, New York

Edgardo Ramos, U.S.D.J.

3